UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED PROGRESS<br>1220 L Street, NW<br>Suite 100-364<br>Washington, D.C. 20005-4018<br><br>          Plaintiff,<br><br>     v.<br><br>CONSUMER FINANCIAL PROTECTION<br>  BUREAU<br>1700 G Street, NW<br>Washington, D.C.  20552<br><br>          Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No._____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, and seeking the expedited processing and release of agency records requested by Allied Progress from the Consumer Financial Protection Bureau.

**JURISDICTION AND VENUE**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii), and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA.  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Allied Progress is a progressive advocacy organization that gives voice to hard-working Americans by standing up to Wall Street and other powerful special interests and holds their allies in Congress and the Administration publicly accountable.

4. Defendant Consumer Financial Protection Bureau ("CFPB") is an agency within the meaning of 5 U.S.C. § 552(f). Defendant CFPB is the federal agency with possession and control of the records responsive to plaintiff's request and is responsible for fulfilling the FOIA requests of plaintiff.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

5. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

6. An agency must promulgate regulations providing for the expedited processing of FOIA requests. 5 U.S.C. §§ 552(a)(6)(E). The CFPB's regulations for expedited processing are located at CFR Title 12 § 1070.17. Title 12 § 1070.17(b)(2)(ii) allows for the expedited processing of records "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal government activity."

7. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

### FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

Request One

8. By letter dated April 12, 2017, plaintiff submitted a FOIA request to the CFPB seeking copies of all correspondence between, involving and including representatives of the CFPB and any of twelve listed U.S. Senators, or their representatives since December 1, 2014 concerning 12 CFR Parts 1005 and 1026 or Docket No. CFPB-2014-0031, known as the Prepaid Rule.

9. The twelve Senators are:

  1. Senator David Perdue;

  2. Senator Tom Cotton;

  3. Senator Johnny Isakson;

  4. Senator Ron Johnson;

  5. Senator James Lankford;

  6. Senator Mike Lee;

  7. Senator Mike Rounds;

  8. Senator Michael Enzi;

  9. Senator John Kennedy;

  10. Senator Jeff Flake; and

  11. Senator John McCain; and

12. Senator Ted Cruz

10. The request stated that the request should include, but is not limited to e-mail, written or other correspondence, including that in which one party is merely carbon copied (CC'd), and all attachments concerning 12 CFR Parts 1005 and 1026 or Docket No. CFPB-2014-0031 ("The Prepaid Rule") involving these Senators and members of their staff and any CFPB employee during this time-period.

11. The request sought expedited processing because of the urgent public need to understand the decision-making process behind the Prepaid Rule, and elected representatives' roles in that process. Additionally, plaintiff stated that legislation concerning this rule currently sits on the Senate Legislative Calendar and could be acted upon at any moment. Plaintiff stated that on April 5, 2017, Sen. David Perdue (R-GA) and Rep. Roger Williams (R-TX) wrote an op-ed in which they said they are "using the CRA [Congressional Review Act] concurrently in the House and Senate to push for an end to the Prepaid Card Rule." Also on April 5, 2017, CNBC reported that the "deadline for introducing any new CRA resolutions" had already passed and legislators "must complete voting on resolutions already in the legislative pipeline by mid-May." As such, plaintiff wrote in seeking expedited processing that it is likely the Congressional Review Act Resolution concerning the Prepaid Card rule will receive a vote in the U.S. Congress within a matter of weeks. This demonstrated a compelling need for the public to have access to this information as soon as possible to inform their elected representatives as they consider this legislation. Plaintiff stated that it was primarily engaged in the dissemination of information via public reports, press releases, or other media, and that

4

there was an urgency to inform the public on this government activity. Plaintiff certified that its statements were true and correct.

12. Plaintiff further sought a public interest fee waiver and provided the necessary elements as to why the requested material was in the public interest as well as establishing its ability to publicize the request information.

13. By letter dated April 12, 2017, defendant acknowledged plaintiff's request, assigned it FOIA Request #CFPB 2017-254-F and stated that it was holding plaintiff's request for a fee waiver in abeyance "pending the quantification of the responsive records."

14. Defendant denied plaintiff's request for expedited processing stating only that plaintiff did not qualify for either category of expedited processing under either of the two categories of expedited processing allowed by CFPB regulations. Defendant did not directly address plaintiff's statement as to why expedited processing is warranted for the request.

Request Two

15. By letter dated April 12, 2017, plaintiff submitted a FOIA request for all correspondence since December 1, 2014 between, involving, and including representatives of the following staff at the CFPB (or others holding their position during the specific time-period):

- Director Richard Cordray
- Deputy Director David Silberman
- Chief of Staff Leandra English
- Associate Director Christopher D'Angelo (Supervision, Enforcement & Fair Lending)
- Assistant Director Paul Sanford (Supervision Examinations)
- Assistant Director Peggy Twohig (Supervision Policy)
- Assistant Director Anthony Alexis (Enforcement)

- Assistant Director William Wade-Gery (Card and Payment Markets)
- Assistant Director Kelly Cochran (Regulations)
- Associate Director Zixta Martinez (External Affairs)
- Assistant Director Catherine Galica (Legislative Affairs)
- Assistant Director Cheryl Parker Rose (Intergovernmental Affairs)
- Assistant Director Daniel Smith (Financial Institutions & Business Liaison)
- Assistant Director Keo Chea (Community Affairs)
- General Counsel Mary McLeod
- Deputy General Counsel Stephen Van Meter (Law & Policy)
- Deputy General Counsel John Coleman (Litigation & Oversight)

and any of the following individuals and entities or their representatives concerning 12 CFR Parts 1005 and 1026 or Docket No. CFPB-2014-0031 ("The Prepaid Rule"):

- Netspend (including but not limited to any e-mail address ending in @netspend.com)
- Total Systems Services aka "TSYS" (including but not limited to any e-mail address ending in @tsys.com)
- Charles J. "Chuck" Harris (Netspend)
- Trevor Erxleben (Netspend)
- Brandon Thompson (Netspend)
- Austin Smithers (Netspend)
- M. Troy Woods (TSYS)
- Pamela A. Joseph (TSYS)
- C. Sanders Griffith III (TSYS)
- William A. Pruett (TSYS)
- Paul M. Todd (TSYS)
- Patricia A. Watson (TSYS)
- David Cohen (Lobbyist representing Netspend)
- Robert Flock (Lobbyist representing Netspend)
- John Sonsalla (Lobbyist representing Netspend)
- Carmencita Whonder (Lobbyist representing Netspend)
- Zachary Pfister (Lobbyist representing Netspend)
- Brian Wild (Lobbyist representing Netspend)
- Elizabeth Maier (Lobbyist representing Netspend)
- Jack Marr (Lobbyist representing TSYS)
- Deron Hicks (Lobbyist representing TSYS)
- Jennings Chester (Lobbyist representing TSYS).

16. The request stated that the request should include, but is not limited to e-mail, written or other correspondence, including that in which one party is merely carbon copied (CC'd), and all attachments concerning 12 CFR Parts 1005 and 1026 or Docket

No. CFPB-2014-0031 ("The Prepaid Rule") involving these individuals and members of their staff and any listed CFPB employee or position during this time-period.

17. The request sought expedited processing because of the urgent public need to understand the decision-making process behind the Prepaid Rule, and elected representatives' roles in that process. Additionally, plaintiff stated that legislation concerning this rule currently sits on the Senate Legislative Calendar and could be acted upon at any moment. Plaintiff stated that on April 5, 2017, Sen. David Perdue (R-GA) and Rep. Roger Williams (R-TX) wrote an op-ed in which they said they are "using the CRA [Congressional Review Act] concurrently in the House and Senate to push for an end to the Prepaid Card Rule." Also on April 5, 2017, CNBC reported that the "deadline for introducing any new CRA resolutions" had already passed and legislators "must complete voting on resolutions already in the legislative pipeline by mid-May." As such, plaintiff wrote in seeking expedited processing that it is likely the Congressional Review Act Resolution concerning the Prepaid Card rule will receive a vote in the U.S. Congress within a matter of weeks. This demonstrated a compelling need for the public to have access to this information as soon as possible to inform their elected representatives as they consider this legislation. Plaintiff stated that it was primarily engaged in the dissemination of information via public reports, press releases, or other media, and that there was an urgency to inform the public on this government activity. Plaintiff certified that its statements were true and correct.

18. Plaintiff further sought a public interest fee waiver and provided the necessary elements as to why the requested material was in the public interest and established its ability to publicize the request information.

19. By letter dated April 12, 2017, defendant acknowledged plaintiff's request, assigned it FOIA Request #CFPB 2017-253-F and stated that it was holding plaintiff's request for a fee waiver in abeyance "pending the quantification of the responsive records."

20. Defendant denied plaintiff's request for expedited processing stating only that plaintiff did not qualify for either category of expedited processing under either of the two categories of expedited processing allowed by CFPB regulations. Defendant did not directly address plaintiff's statement as to why expedited processing is warranted for the request.

21. As of the date of this Complaint, plaintiff has not received any records responsive to its requests.

22. The CFPB has failed to comply with the statutory expedited processing provision contained in 5 U.S.C. §§ 552(a)(6)(E) as well as agency regulations with respect to plaintiff's April 12, 2017 FOIA requests.

23. Plaintiff has exhausted the applicable administrative remedies with respect to the above-referenced requests for expedited processing.

24. The CFPB has wrongfully denied Plaintiff's requests for expedited processing.

25. Plaintiff is entitled to injunctive relief with respect to the expedited processing of the requested documents.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) order the CFPB to expedite the processing of plaintiff's April 12, 2017 FOIA requests;

(2) Order the defendants to release all records responsive to plaintiff's FOIA requests and make copies available to plaintiff;

(3) Provide for expeditious proceedings in this action;

(3) Grant plaintiff a public interest fee waiver on the records responsive to plaintiff's FOIA requests;

(4) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as the Court may deem just and proper.

April 18, 2017

Respectfully submitted,

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502
Fax (413) 641-2833

Attorney for Plaintiff